**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMON HUESO,

Defendant - Appellant.

No. 10-30017

D.C. No. 3:09-cr-00048-RRB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted March 8, 2011
Seattle, Washington

Before: McKEOWN, FISHER and GOULD, Circuit Judges.

The evidence at trial was sufficient to support a reasonable jury's conclusion

that Hueso agreed to participate in the conspiracy.  Hueso not only repeatedly

fronted drugs knowing that he would be paid only if they were resold, but also

participated in and structured the final transaction.  *See United States v. Mincoff*,

574 F.3d 1186, 1192 (9th Cir. 2009).  Venue was proper because an overt act of the

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

conspiracy – drug sales – occurred in Alaska. *United States v. Corona*, 34 F.3d 876, 879 (9th Cir. 1994).

The district court did not clearly err by finding Hueso was a "leader" within the scope of U.S.S.G. § 3B1.1(c) for purposes of applying a two-level enhancement. Evidence reasonably showed he exercised decisionmaking authority and directed his co-conspirator's participation in and the terms of the final transaction. *See United States v. Maldonado*, 215 F.3d 1046, 1050-51 (9th Cir. 2000); *United States v. Varela*, 993 F.2d 686, 691 (9th Cir. 1993).

The government's information pursuant to 21 U.S.C. § 851 was sufficient to give Hueso clear notice of the crime the government intended to use as the basis for its request for an enhanced sentence, despite the information's errors and omissions. *See United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003) (en banc).

**AFFIRMED.**